# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | | |
|---|---|---|
| Constance Mulder<br>*Plaintiff* | ) )  ) | |
| v. | ) ) | Case No. |
| Wells Fargo Bank, N.A.<br>*Defendant*<br>Serve:<br>   Wells Fargo Bank, N.A.<br>   101 N. Phillips Avenue<br>   Sioux Falls, SD 57104 | ) ) ) ) ) ) ) ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint for damages for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because the operative relevant facts giving rise to Plaintiff's complaint which affected and/or damaged her as a consumer occurred within Fayette County, Kentucky.

### PARTIES

3. Plaintiff Constance Mulder is a natural person who resides in Fayette County, Kentucky. Ms. Mulder is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank with its headquarters located in Sioux Falls, SD. Wells Fargo is a furnisher of information with the meaning of the FCRA.

### STATEMENT OF FACTS

5. In December 2008, Ms. Mulder financed the purchase of a vehicle through Wells

Fargo Auto Finance, LLC.[1]

6.  In 2014, Ms. Mulder fell behind on her payments to Wells Fargo.

7.  At no time was Ms. Mulder more than 60-89 days past due on payment of the debt to Wells Fargo.

8.  From the inception of the opening of the auto loan, Wells Fargo furnished credit information concerning Ms. Mulder and the auto loan to the three major credit reporting agencies ("CRAs"): Equifax, Experian, and Trans Union. The account number for the original auto loan began with 5023 (the "5023 Account").

9.  In December 2014, Wells Fargo closed Ms. Mulder's 5023 Account and internally transferred all remaining amounts due and owing on the 5023 Account to a new account whose account number began with 4584 (the "4584 Account").

10. The transfer of Ms. Mulder's 5023 Account to the 4584 Account resulted in two different accounts appearing on her credit reports.

11. Ms. Mulder paid off the 4584 Account, to which Wells Fargo had transferred all remaining amounts due and owing on the 5023 Account, in full.

12. On May 8, 2017, Ms. Mulder applied for a home loan and was denied the loan based on information contained in her consumer credit report.

13. After she was denied the home loan, Ms. Mulder reviewed the tri-merged credit report that the prospective lender reviewed in connection with her application.

14. Upon review of her tri-merged credit report, Ms. Mulder discovered the two tradelines furnished by Wells Fargo, one for the 5023 Account and one for the 4584 Account.

15. The information supplied to one or more CRA's concerning the 5023 Account, the original account, was incorrectly coded with the designation "INS 03."

16. The "INS" code supplied by Wells Fargo to one or more CRA's concerning the 5023 Account stands for "installment."

17. The "03" code supplied by Wells Fargo to one or more CRA's concerning the 5023

---

[1] In February 2012, Wells Fargo Auto Finance, LLC merged into Wells Fargo Bank, N.A. ("Wells Fargo") and disappeared as an independent entity.

Account means that the current payment status of the account is currently 60-90 days late.

18.     The "03" code communicated by Wells Fargo concerning the 5023 Account was, and is, is erroneous in that Wells Fargo should have coded the 5023 Account so that it reflected that the account was closed and that no payment was past due.

19.     Wells Fargo's erroneous use of the "03" code lowered Ms. Mulder's credit score and reduced her creditworthiness in the eyes of potential creditors.

20.     The 4584 Account, the new account, was incorrectly being reported to one or more CRA's as a "Charge Off."

21.     "Charge Off" is a credit industry term of art used when a creditor deems an account or debt uncollectible and writes the debt off to profit and loss. For closed-end loans like car loans, federal regulations provide that closed-end loans should be charged off when the loan "become past due 120 cumulative days…from the contractual due date should be classified Loss and charged off." 65 FR 36903-01, 2000 WL 741855 (F.R.)

22.     Ms. Mulder was never 120+ past due on her payments to Wells Fargo on the 4584 Account.

23.     Upon information and belief, Wells Fargo never in fact charged off Ms. Mulder's 4584 Account.

24.     On May 18, 2017, Ms. Mulder sent disputes to one or more CRA's disputing the credit information furnished by Wells Fargo in regard to the two accounts.

25.     Ms. Mulder expressly disputed the reporting of the 5023 Account as being currently 60 days past due.

26.     The CRA's sent Wells Fargo notice of Ms. Mulder's dispute, which thereby triggered Wells Fargo's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the negative information it was furnishing concerning Ms. Mulder.

27.     Wells Fargo failed to conduct a reasonable investigation into Ms. Mulder's disputes concerning the negative credit information Wells Fargo was furnishing to the CRAs and the two Wells Fargo accounts at issue.

28.     Wells Fargo falsely verified the accuracy of the disputed negative credit information concerning the 5023 Account and the 4584 Account to the CRA's.

29. After processing her dispute, Wells Fargo continued to furnish negative credit information concerning the 5023 Account and the 4584 Account.

30. In particular, Wells Fargo continue to furnish false and inaccurate credit information concerning the 5023 Account by reporting the current payment status as 60-90 days past due. And Wells Fargo continued to furnish false and inaccurate credit information concerning the 4584 Account as being a "charge off."

## CLAIMS FOR RELIEF

I. **Violations of the FCRA**

31. Wells Fargo violated the FCRA, 15 U.S.C. § 1681s-2(b). After being informed by one or more CRA's that Ms. Mulder disputed the accuracy of the information Wells Fargo was providing concerning Ms. Mulder and the two Wells Fargo accounts, Wells Fargo willfully failed to conduct a proper investigation of Ms. Mulder's disputes filed with the CRA's that Wells Fargo was furnishing false negative credit information about Ms. Mulder and the two Wells Fargo accounts.

32. Wells Fargo willfully failed to review all relevant information purportedly provided by one or more CRA's to Wells Fargo in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

33. Wells Fargo willfully failed to direct the CRA's to delete inaccurate information about Ms. Mulder pertaining to the discharged Wells Fargo account as required by 15 U.S.C. §1681s-2(b)(C).

34. As a result of Wells Fargo's failure to conduct a reasonable investigation of Ms. Mulder's dispute, Ms. Mulder suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress

35. Ms. Mulder has a private right of action to assert claims against Wells Fargo arising under 15 U.S.C. §1681s-2(b).

36. Wells Fargo is liable to Ms. Mulder for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. §1681n.

37. In the alternative, Wells Fargo's conduct, actions and inactions were negligent, rendering Wells Fargo liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Constance Mulder requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n;

2. Award Plaintiff actual damages against under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4. Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5. Award Plaintiff attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com
hays@creditdefenseky.com